XEROX CORP., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 94–05–00286

(Dated April 19, 1996)

*Neville, Peterson & Williams (John M. Peterson)* for plaintiff.
*Frank W. Hunger,* Assistant Attorney General; *Joseph I. Liebman,* Attorney-in-Charge, International Trade Field Office, Civil Division, United States Department of Justice *(Barbara M. Epstein)* for defendant.

## MEMORANDUM AND ORDER

GOLDBERG, *Judge:* This matter comes before the Court on plaintiff's motion to vacate an order dismissing this case, and to suspend the case under *Xerox Corp. v. United States,* Court No. 91–08–00599 ("a test case"). Defendant does not object to plaintiff's motion, but defers to the Court's discretion as to whether to grant the motion.

## BACKGROUND

This case was placed on the Court's reserve calendar when plaintiff filed a summons on May 18, 1994. More than 20 months later, on January 24, 1996, the Clerk dismissed this case pursuant to USCIT Rule 83(c). This rule provides, in part:

> An action not removed from the Reserve Calendar within the 18-month period shall be dismissed for lack of prosecution and the clerk shall enter an order of dismissal without further direction from the court unless a motion is pending.

## DISCUSSION

Plaintiff asks the Court to vacate the January 24, 1996 order of dismissal pursuant to USCIT Rule 60. This rule provides, in part, that the Court may relieve a party from a final judgment or order based upon the party's mistake, inadvertence, or excusable neglect.

The Court has indicated that when a party seeks relief from an order of dismissal for lack of prosecution, the party should present any facts in mitigation of its neglect of the case. *Telectronics Pacing Systems, Inc. v. United States,* slip op. 96–59 at 3 (March 29, 1996). In addition, the Court has admonished parties that motions seeking formal relief:

> must be presented in such a way as to convince the court that grant is appropriate. * * * The absence of any alleged supportive facts is all the more critical in view of the precise nature of the relief the plaintiff seeks. Indeed, a party plaintiff has a primary and independent obligation to prosecute any action brought by it—from the moment of commencement to the moment of final resolution. That primary responsibility never shifts to anyone else, and entails the timely taking of all steps necessary for its fulfillment.

*Avanti Products, Inc. v. United States,* 16 CIT 453, 453 (1992) (citations omitted).

In its motion, plaintiff ignores the admonition of the Court. Plaintiff asserts that the Court should vacate the order of dismissal in this case because plaintiff "inadvertently omitted" this case from a list of cases that were suspended under a test case on January 23, 1996. Plaintiff fails, however, to give the Court any additional information concerning its inadvertence, or to present any facts in mitigation of its long term neglect of this case. Because plaintiff has failed to convince the Court that dismissal of this case is unwarranted, it is hereby

ORDERED that plaintiff's motion to vacate order of dismissal and to suspend is hereby DENIED.